_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
_____

| | |
|---|---|
| RHONDA WOOD,            ) | Case No.: 1:12-cv-00237-SJM |
|                         ) | |
|     Plaintiff,    ) | |
|                         ) | Honorable Sean J. McLaughlin |
| v.                      ) | |
|                         ) | |
| CENTRAL CREDIT SERVICES, INC.,    ) | |
|                         ) | |
|                         ) | |
|                         ) | |
|                         ) | |
|     Defendant,    ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S
<u>COMPLAINT WITH AFFIRMATIVE DEFENSES</u>**

Defendant Central Credit Services, Inc., (hereinafter "CCS"), through its attorneys, Metz Lewis Brodman Must O'Keefe LLC, hereby answers Plaintiff's Complaint as follows:

1. Admitted in part, denied in part. It is admitted that Plaintiff has brought this action alleging violations of the FDCPA and the FCEUA. It is denied that CCS violated the FDCPA, FCEUA, or any other law.

2. Admitted, upon information and belief.

3. Admitted in part, denied in part. It is admitted that CCS is a Defendant in this matter. It is denied that CCS is a creditor of Plaintiff.

4. Denied. After reasonable investigation, CCS is without sufficient knowledge and information to form a belief as to the truth of allegations in this paragraph and, accordingly, the allegations are denied.

2175348v1

5. Denied. CCS denies that it received the letter as alleged.

6. Admitted. CCS admits that Plaintiff has quoted a portion of the FDCPA.

7. Denied. After reasonable investigation, CCS is without sufficient knowledge and information to form a belief as to the truth of allegations in this paragraph and, accordingly, the allegations are denied.

8. Denied. CCS did not call Plaintiff in 2009.

9. Denied. CCS did not receive the referenced cease and desist letter.

10. Denied. CCS did not receive the referenced cease and desist letter.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied. CCS did not violate any law.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

20. To the extent there was a violation of the FDCPA, said violation being specifically denied, it was not intentional and was the result of bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such errors. 15 U.S.C. § 1692k(c).

**Second Affirmative Defense**

21.	Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**WHEREFORE,** CCS prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1.	Dismissing all causes of action against CCS with prejudice and on the merits; and,

2.	Awarding CCS such other and further relief as the Court deems just and equitable.

>	Respectfully submitted,
>
>	METZ LEWIS BRODMAN
>	MUST O'KEEFE LLC

Date:  October 3, 2012		By:	/s/ Justin T. Barron
				James McNally
				PA I.D. No. 78341
				Justin T. Barron
				PA I.D. No. 200394
				11 Stanwix Street, 18th Floor
				Pittsburgh, PA 15222
				(412) 918-1100

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendant's Answer to Plaintiff's Complaint with Affirmative Defenses was served via U.S. regular mail, postage prepaid, this 3rd day of October, 2012, upon the following counsel of record:

Lawrence S. Rubin, Esquire
337 W. State Street
Media, PA 19063


/s/ Justin T. Barron
Justin T. Barron

2175348v1